# ALLEGHENY COUNTY,

## December Term, 1793.

### DAVID IRWIN *v.* JOHN RANKIN.

THIS was an action on the cafe, for felling a horfe for 20*l.* affuming that he was found, when, in fact, he was unfound, and of that unfoundnefs died.

It was proved, that *Rankin*, in felling the horfe, faid, he had been overheated, and was foundered; but that he would warrant him found in other refpects. The horfe, after being worked fometime, died two weeks after the fale; and there were opinions, that he had been affected, for fome time before the fale, with the difeafe of which he died.

*Bradford*, for the defendant, argued, that there was no fraud in the contract, that the fale was fair, and that the death of the horfe was owing to his having been over-worked.

PRESIDENT. This action goes not on the foundation of fraud. The evidence proves none. And your verdict, going no farther than the *allegata* and *probata*, the facts alledged in the declaration and proved by teftimony, cannot eftablifh againft the defendant any charge of fraud, nor acquit him of it. Your verdict muft go on another point entirely, the undertaking that the horfe was found. The queftion then is, what was the ftate of the horfe, at the time of the fale. If he was only overheated or foundered, and the fubfequent death was the effect of being worked after over-heating and foundering; *Irwin* muft bear the lofs: for *Rankin* fold him as an over-heated, and a foundered horfe. If, on the contrary, the horfe was, at the time of the fale, unfound of a difeafe, of which he afterwards died; *Rankin* muft bear the lofs; allowing for the profit, if any, made of the labour of the horfe fubfequent to the fale.

When the jury returned, and were ready to give a verdict, the plaintiff fuffered a nonfuit.